Cubia, per O’Neall, J.
Tbe case' of the State vs. Evans, 8 Hill 190, decided, that the Act of 1817, as to distillers, vendors or retailers, was repealed by the Act of 1834, in so far as they might give, deliver, sell or exchange spirituous liquors to a slave, without the written order of the owner, or person having the care and management of such slave. In that case, the defendant was not described in the indictment as either a distiller, vendor or retailer: the proof however showed that he was a “shopkeeper, and retailer and vendor of spirituous liquors,” and it was held by nine out of the ten Judges, that judgment could not be given against him under the Act of 1817 — that he was alone liable under the Act of 1834. Here in the second count the defendant with Alsey Brock is described as retailers and vendors of spirituous liquors, and is charged under the Act of 1817 — it is clear 'that he is not liable to judgment under it.
The first count charges what I think is no offence, the purchase of ten cents in coin from a slave. The money is the means whereby a trading for any “article whatever” may be consummated. But it cannot be said, that the shopkeeper, who delivers one pint of whiskey for ten cents, thereby becomes the purchaser of the ten cents in coin.
Let the judgment be arrested.
Wardlaw, WhitNER, Glover and MuNRO, JJ., concurred.

Motion granted.